## F. R. DEAN v. A. P. LUFKIN ET AL.

(Case No. 1298.)

1. TAXATION.— The limitation of taxation to fifty cents on the one hundred dollars valuation contained in sec. 9, art. VIII of the constitution of 1876, as applied to cities, counties and towns, has reference to taxation for the erection of public buildings, not to taxation to pay debts incurred prior to the adoption of the constitution.

2. TAXATION.— Under the constitution of 1876, the question as to how much tax should be levied to pay the former indebtedness of a county, was left without limit to the discretion of the legislature and the county commissioners' court.

3. TAXATION — STATUTES CONSTRUED.— Section 5 of the act to organize commissioners' courts (Laws of 15th Leg., p. 52) does not embrace or refer to taxes to pay the interest and provide a sinking fund for bonded indebtedness, incurred in aiding internal improvements, which were in truth levied at the time the bonds were issued. That act refers to and limits to twenty-five cents on the hundred dollars those taxes for the payment of debts incurred prior to April 18, 1876, the levying of which is discretionary with the commissioners' court.

4. TAXATION.— The commissioners' court of Galveston county, in February, 1879, levied a county tax of seven cents to create a sinking fund to pay registered county warrants isssued for indebtedness subsequent to April 18, 1876, and for an indebtedness incurred before that date, and also to create a sinking fund to pay warrants issued since April 18, 1876; on application to enjoin the collection of the tax, held —

    1. The county court having already exhausted the limit allowed to pay ordinary debts, the levy of seven cents, so far as it was made to pay ordinary debts, was unauthorized, and it being illegal for that purpose, the entire levy was thereby infected and was illegal.

    2. An order of the commissioners' court made one year afterwards, declaring that so much of the levy was void as applied to warrants issued after the 18th day of April, 1879, did not cure the illegality of the levy, nor was it affected by the fact that the entire tax levied was needed to pay debts contracted before the adoption of the constitution.

    3. The constitution requires the purpose for which such taxes are levied to be specified, and gives the tax-payer the privilege of paying the tax "in the coupons, bonds and other indebtedness for the payment of which such tax may have been levied."

4. The specification of the purpose of the tax was essential, for without such specification the tax was invalid, and to allow the subsequent order explaining the levy to cure its illegality, would be to disregard the constitutional requirement, that the purpose of the tax be specified.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

*Street & Kleberg*, for appellant.

*Trezevant & Franklin*, for appellees.

GOULD, ASSOCIATE JUSTICE. — The history of the case is thus given in the brief of counsel for appellant:

On the 11th day of February, 1879, the commissioners' court of Galveston county levied the following county taxes, to wit:

1st. A direct *ad valorem* tax of twenty-five cents on the $100 worth of property.

2d. They reduced the tax theretofore levied to provide for the interest and payment of the principal of bonds issued by the county of Galveston to the Gulf, Colorado & Santa Fe Railroad Company to twenty-five cents on the $100 worth of property; said tax having been levied sometime during the year 1875, under an act of the legislature to authorize counties, cities and towns to aid in the construction of railroads and other works of internal improvement, approved April 12, 1871.

3d. Said court levied a tax of two cents on the $100 worth of property, to pay interest and principal on bonds issued to Ballinger & Jack to purchase a law library; this was done under an act of the fourteenth legislature, approved January 19, 1875.

4th. A tax of three cents on the $100 cash value of property, to pay interest and principal of county bonds, known as consolidated debt bonds, issued under an act of the twelfth legislature, passed November 29, 1871.

5th. A tax of two and one-half cents on the $100 cash value of property, to complete a county jail. This tax was levied under the general powers of the court to build court-houses and jails. Sec. 5, ch. 55, Gen. Laws of Texas for 1876.

6th. A tax of five and one-half cents on the $100 cash value of property, to create a fund to purchase for cancellation the bonds of the county theretofore issued to the Gulf, Colorado & Santa Fe Railroad Company, said bonds having been issued, and the debt for which they were issued having been created, prior to the 18th day of April, 1876.

7th. Finally, a tax of seven cents on the $100 cash value of property, to create a sinking fund to pay county warrants, registered under an order of said commissioners' court, passed April 1, 1878, the same being warrants issued prior to the 18th day of April, 1876, and for an indebtedness incurred by the county before that date; also, to create a sinking fund for the payment of warrants under orders of said court, passed February 11, 1879, the same being warrants issued since the 18th day of April, 1876.

On the 17th day of March, 1880, the commissioners' court passed an order repealing and declaring null and void so much of said last named tax levy of seven cents, as purported to levy a tax to pay county warrants registered under said orders of February 11, 1879, the same being warrants issued after the 18th of April, 1876, reciting in said order that said seven cents was levied only to pay warrants issued prior to April 18, 1876, and that, through inadvertence and mistake, said tax had also been levied to pay warrants issued since April 18, 1876. At the time this order was made the assessor had completed the assessment of all the property in the county, and the assessment rolls were in the hands of the collector.

The orders of April 1, 1878, and February 11, 1879 (the latter being made on the same day with the tax levy),

providing for the registration of warrants, also provided that all warrants when registered in conformity to said orders, and upon presentation to the county treasurer for payment, and his inability to pay the same, should bear interest at the rate of eight per cent. per annum until paid, and to be presented quarterly for payment.

The seven cents tax had been and was used exclusively for the payment of warrants issued prior to April 18, 1876, and the interest due thereon, and for no other purpose whatever, and even if the same had been fully collected, was barely sufficient to pay said warrants.

The warrants registered under the orders of February 11, 1879, had been and were being paid out of the general fund of the county, and not a single one of them had ever been paid out of the moneys realized from said special tax of seven cents.

The warrants issued prior to April 18, 1876, and registered under the order of April 1, 1878, were differently worded and readily distinguishable from all other county warrants.

On the 3d day of April, 1880, appellees filed their petition in the district court against the appellant, tax collector of Galveston county, and obtained an injunction restraining said appellant from collecting from them the tax of five and one-half and seven cents mentioned in foregoing tax levy. At a final hearing the district court rendered judgment perpetuating the injunction, from which judgment this appeal is taken.

The first question presented is the power of the commissioners' court to levy the tax of five and one-half cents on the hundred dollars' worth of property to create a fund to purchase for cancellation bonds of the county, a sufficient tax having already been levied to pay the interest and provide for a sinking fund for these bonds.

The provisions of the constitution and statutes bearing on the question are as follows:

Const., art. VIII, sec. 9. "The state tax on property

exclusive of the tax necessary to pay the public debt, shall never exceed fifty cents on the one hundred dollars valuation, and no county, city or town shall levy more than one-half of said state tax, except for the payment of debts already incurred, and for the erection of public buildings, not to exceed fifty cents on the one hundred dollars in any one year, and except as in this constitution is otherwise provided."

Const., art. XI, sec. 6. "Counties, cities and towns are authorized, in such mode as may now or may hereafter be provided by law, to levy, assess and collect the taxes necessary to pay the interest and provide a sinking fund to satisfy any indebtedness heretofore legally made and undertaken; but all such taxes shall be assessed and collected separately from that levied, assessed and collected for current expenses of municipal government, and shall when levied specify in the act of levying the purpose therefor, and such taxes may be paid in the coupons, bonds or other indebtedness for the payment of which such tax may have been levied."

Act to organize commissioners' courts (Laws of 15th Leg., p. 52), sec. 5. "The said courts shall have power to levy and collect a tax for county purposes, upon all subjects of taxation in their respective counties on which a tax may be levied by the state, but shall not levy more than one-half of the state tax in their respective counties for any one year for county purposes, except for the payment of debts already incurred, and for the erection and repair of public buildings, under such limitations and with such restrictions as may be prescribed by law and the constitution of this state; *provided*, that no tax levied for the purpose of paying debts incurred prior to the 18th day of April, A. D. 1876, shall exceed two and a half mills on the dollar; and no tax levied for the erection of public buildings shall exceed two and a half mills on the dollar for any one year."

Section 6, art. XI of the constitution expressly author-
izes a tax sufficient to pay the interest and provide a
sinking fund to satisfy antecedent indebtedness. The
limitation of fifty cents on the one hundred dollars in sec-
tion 9, art. VIII, has heretofore been held to apply to tax-
ation for the erection of public buildings, not to taxation
to pay debts incurred prior to the adoption of the consti-
tution.   Texas & Pac. R'y Co. v. Harrison County, Tyler
Term, 1880; Bagby v. Bateman, 50 Tex., 446.   The con-
stitution affixes no limit to county taxation to pay ante-
cedent indebtedness, unless the express grant of authority
to "assess and collect the taxes necessary to pay the
interest and provide a sinking fund," implies a prohibition
of any greater tax for the purpose of more speedy pay-
ment.   If this be the meaning of the constitution, county
indebtedness not bearing interest must remain unpaid, so
long as the tax allowed for ordinary county purposes is
absorbed by current expenses.   This construction also
leaves out of view the implied grant of power in section
9, art. VIII, growing out of the exception of taxes for
the payment of antecedent debts from the prohibition
against a levy of more than one-half of the state tax.
We think, moreover, that the purpose of the constitution
was to limit county taxation for ordinary purposes, in-
cluding the erection of public buildings, thereby seeking
to guard against extravagant expenditure; but that ex-
cessive taxation for the purpose of cancelling prior in-
debtedness was not an evil against which it was deemed
necessary to guard.   As we construe it, the constitution
leaves it to the legislature and county commissioners to
fix the rate of taxation to pay antecedent indebtedness.

The legislature have limited that rate to two and one-
half mills on the dollar.   Evidently that limitation can-
not apply to the tax to pay interest and provide a sinking
fund, authorized by the constitution.   The statute should
be construed so as to make it valid, not so as to bring it

in conflict with the constitution. The taxes to pay the interest and provide a sinking fund for bonded indebtedness, incurred in aiding railroads or other internal improvements, are in truth taxes levied at the time the bonds were issued, not taxes to be levied annually by the county commissioners' court. Such is the case as to the tax of twenty-five cents on the one hundred dollars' worth of property for interest and sinking fund of the bonds to the Gulf, Colorado & Santa Fe R. R. Co.

The act does not by its terms embrace, nor does it by necessary construction refer to, taxes thus levied. In our opinion, it refers to and limits to twenty-five cents on the one hundred dollars, those taxes for the payment of debts incurred prior to April 18, 1876, the levying of which is discretionary with the commissioners' court.

The taxes for 1879 thus levied by the commissioners' court of Galveston county for the payment of antecedent indebtedness, do not amount to twenty-five cents on the one hundred dollars. Up to that limit it was within the power of the commissioners' court, the body entrusted with the management of the county finances, to levy a tax, the proceeds to be used for the purpose of cancelling the bonds or other antecedent county indebtedness. It follows that the judgment is erroneous in so far as it enjoins the collection of the five and one-half cents on the one hundred dollars tax.

The tax of seven cents on the $100 worth of property was avowedly levied to pay certain registered warrants, one class of the warrants being for indebtedness subsequent to April 18, 1876. Having already levied, for ordinary purposes, taxes to the extreme limit allowed, this levy, in so far as it was made to pay ordinary debts, was unauthorized, and the illegality of that purpose infected the entire levy of seven cents. Nor do we think the illegality of the levy was cured by the amendment of the order, made over a year afterwards, or by the fact that the entire levy was needed to pay warrants for in-

debtedness antecedent to the adoption of the constitution. The constitution requires the purpose for which such taxes are levied to be specified, and gives the tax-payer the privilege of paying the tax "in the coupons, bonds or other indebtedness for the payment of which such tax may have been levied." The specification of the purpose of the tax was essential, for without such specification the tax was invalid. With a specification showing an illegal purpose, either in whole or in part, we think, under our constitution, the tax was also invalid. Up to the time when the attempt was made to amend the entry of the order, this tax might have been paid with registered warrants for indebtedness subsequent to April 18, 1876. If the tax-payers had all availed themselves of this privilege, the entire seven cents tax might thus have been practically appropriated to an illegal object. To change the specification of purpose was to essentially change the levy itself. To allow the amendment, made when it was, to cure the illegal levy, would be to disregard the constitutional requirement that the purpose of the tax be specified. The case of Truett v. Justices, 20 Ga., 102, is much in point, and aside from the constitutional difficulty, is authority against the position that the amendment cured the illegality. Our conclusion is, that the tax of seven cents on the $100 worth of property is illegal, and under former decisions of this court, the petition states a proper case for enjoining the collection of that tax.

The question of the power of the commissioner's court to make registered warrants draw interest, is presented in the briefs of counsel on both sides, but as its decision has not been found necessary, it is left undisposed of.

The judgment will be reversed and reformed in accordance with the views expressed in this opinion.

REVERSED AND REFORMED.

[Opinion delivered February 25, 1881.]