## JOHN P. DAVIE v. R. E. BURNEY, TAX COLLECTOR.

### SUPREME COURT, GALVESTON TERM, 1883.

*Commissioners' Courts.—Registration of Scrip.—Interest on Same.*— Commissioners courts are authorized to order the registration of county scrip and to allow interest from the date of registration, and also to provide that the same should not be received in payment of county taxes, and they also have authority to levy an ad valorem tax to pay the same.

April 18th 1881 this suit was brought by appellant against appellee in his official capacity as tax collector for Galveston County, to recover the sum of $601.94, claimed to be the amount of illegal taxes paid to appellant by appellee un-under protest.

On April 1st 1878 the commissioners' court of Galveston county passed an order providing for the registration of all scrip issued prior to the 18th day of April 1876. Also, that the same when registered, shall bear legal interest of 8 per cent from that date, and also that such scrip should not be receivable for taxes.

On the 14th day of February 1880, said court passed an order levying county taxes in seperate items in substance as follows :

1st. Thirty cents on the $100 to pay interest etc. on the Gulf Colorado & Santa Fe Railway bonds.

2nd. Twenty-five cents on the $100, for general county purposes.

3rd. Ten cents on the $100 for the erection and completion of the public buildings, etc.

4th. Two cents on the $100 to pay the interest of library bonds.

5th. Three cents on the $100 for the payment of registered warrants.

On the assessed value of appellants property, these taxes in the aggregate amounted to $601.94. This amount was paid by appellant under protest, April 25th, 1881. Appellant claims that the order of the commissioners' court, allowing interest on registered scrip was *ultra vires* and void, and that this illegality affected the whole of the county taxes as levied.

Appellee answered by general demurrer and general denial and also by special answer, which need not be noticed. June 7th, 1882 the cause was tried by the court without a jury, and judgment was rendered for appellee from which this appeal was taken. The errors assigned are, 1st. The court erred in holding that the order allowing interest on scrip was valid; 2nd. The court erred in holding the levy of county taxes legal; 3rd. The court erred in rendering judgment for appellee. The other errors assigned are not urged in the brief and are therefore waived.

Opinion by Watts, J.—At the time the commissioners' court passed the order, providing for the registration of county scrip issued prior to April 18th, 1876, the constitution provided that such scrip might be used in the payment of any taxes levied to meet such indebtedness. (Sec. 6. Article X. Constitution of 1876.)

And the statute also provided, that all ad valorem county taxes might be paid in the jury and county scrip of the county. (General laws 1876, page 246, Sec. 6.)

Neither the constitution nor statute compelled the payment of such taxes to be made in scrip. Primarily all indebtedness and burdens by way of taxation, are payable in money. In the particulars mentioned, a privilege is conferred upon the citizen—he has the opportunity either to pay in money or scrip. There is nothing in the nature of the case that would preclude the citizen from making a contract, by which he would waive this privilege. That is to say for a sufficient consideration he could enter into a binding contract to forego this; as he could any other personal benefit

conferred by law. Public policy does not supervene and
render such a contract ineffectual as to the citizen. The
public are not affected by the fact that the citizen has bound
himself to pay his *pro rata* of county taxation in money
rather than the scrip of the county. It does not admit of
doubt, but that under the order of the commissioners' court
the citizen could by accepting the interest therein provided
for, preclude himself from the right of paying his county
taxes in the registered scrip, if upon its part the court had
the power to make the contract. And that is the next and
main question to be determined.

No doctrine in respect to municipal corporations is more
fully recognized and oftener acted on, than that such corpo-
ration can only exercise such powers as are expressly given
by legislative act or charter, and such implied powers as are
neccessary to carry into effect such as are expressly granted.
(Pye v. Peterson, 45 Tex. 312. See also Cooley on Con.
Limitations, page 235, and numerous authorities cited in
note 1,)

By explicit legislative enactments, the power is conferred
upon the commissioners' court to audit and allow claims
against the county and to provide the means by way of tax-
ation to pay the same. The power to issue scrip or war-
rants for allowed claims is also fully recognized by the
legislature. The statute also expressly authorizes the clerk
of the district and county court to issue jury scrip, which
is a subsisting indebtedness of the county, and does not
have to be audited by the commissioner's court, and author-
ity is also given to that court, to provide for this class of
indebtedness by taxation. In short, full power is given to
the court over these matters, qualified by constitutional and
statutory limitations as to the amount or rate of taxation.

From the very nature of the case, the commissioners'
court must have considerable discretion in its management
of county finance, as to when and how the county indebted-
ness is to be paid, and in providing the means for payment.
In such matters it would be impracticable for the legislature
to descend into the particulars and undertake to confer ex-
press powers upon the court in the management of such a
complicated matter in every minute detail. All that was
intended by or that could have been expected of the legis-
lature in this regard would be to confer upon the court such

general powers by express legislation, as when supplemented by such as will be necessarily implied, will attain the purposes of county government and secure its efficient and economical administration. Applying these principles to the question under consideration, and it seems to us that the commissioners' court had the implied power to contract for the postponement of this indebtedness by agreeing to pay interest as a consideration for the delay, it will not be controverted that the waving of this right to pay county tax with scrip was not a sufficient consideration to support the promise of the county to pay legal interest.

Therefore the simple question disrobed of all difficulties is as to the power of the court to make the contract. In the case of San Patricio v. McLean decided at the present term of the court, it was held that the commissioners' court did have the power to issue county warrants that bore interest, where the parties had contracted for that kind of paper. It should be borne in mind that the indebtedness thus sought to be postponed was legal and subsisting, and no question arises as to the power of the court in creating the same. Interest as defined by statute is the compensation allowed by law or fixed by the parties to a contract for the use, forbearance or detention of money. These warrants are drawn upon the county treasurer upon the theory that there is money in hand to pay them when presented. The delay in their payment grows out of the necessities of the case, because there is no money in the treasury that can be used for that purpose, and it can only be obtained by the exercise of the power, within the constitutional limitations and according to statutory provisions.

In all this, one fact is prominent, and that is the citizen to whom scrip is issued is delayed in getting the money that is then due him from the county—in other words, the county detains the money to which the citizen is justly entitled. Now whether the warrant or the order allowing the claim is the evidence of the debt is immaterial, for such a transaction between individuals would entitle the creditor to legal interest on the principal debt. There is no express provision of law that exempts county warrants or scrip from the operation of the statute regulating interest.

Public policy and usage, to prevent embarrassment in county matters and complication and confusion in its finan-

cial accounts, relieves the ordinary county indebtedness, in the absence of a contract to the contrary, from the burdens of legal interest.

No sufficient reason is perceived for holding that the commissioners' court did not have the power to bind the county to pay interest as a consideration for the postponement of these county warrants.

We conclude that the order of the commissioners' court of Galveston county providing for the registration of scrip and making the same bear legal interest from date of registration, and providing that it should not be received in payment of county taxes was not void, and that the *ad valorem* tax of three cents on the one hundred dollars' worth of property levied by order of the commissioners' court to pay this county indebtedness was valid. And if it should be conceded that this conclusion is wrong, then from the manner in which the various items of county taxes were levied by the court, the tax complained of as illegal was susceptible of being readily distinguished from the legal tax, and therefore the appellant, in any event, could only recover the amount of the illegal tax paid by him to the appellee. (Dean v. Lufkin, 54 Tex., 265 ; Cooley on Taxation, page 297, note 2.) We conclude and so report that the judgment ought to be affirmed.

The report of the commissioners of appeals examined and approved their opinion adopted and the judgment affirmed.