**ADAMS et al. v. McGILL, County Judge, et al.**

No. 4084.

Court of Civil Appeals of Texas. El Paso.

Dec. 12, 1940.

Rehearing Denied Jan. 2, 1941.

Gerald C. Mann, Atty. Gen., Clarence E. Crowe, Claud O. Boothman, and Geo. W. Barcus (last on rehearing), Asst. Attys. Gen., and Joseph G. Bennis, of El Paso, for appellants.

Frank B. Clayton and Ernest Guinn, Co. Atty., both of El Paso, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of El Paso County, Texas, Forty-First District. Leon D. Adams, as a taxpaying citizen of El Paso County, sought an injunction against the Commissioners' Court of El Paso County,

including the County Judge, the County Auditor, County Clerk, County Treasurer, Tax Assessor and Collector of El Paso County, and J. E. Morgan & Sons, a co-partnership, seeking to enjoin the issuance of certain time warrants. The State of Texas, through the Attorney General, intervened in the case and joined in the prayer for the injunction sought. The trial was to the court; the judgment denied the injunction sought. On motion of plaintiff and intervener the trial court filed findings of fact and conclusions of law. This appeal was duly perfected from such judgment by the State of Texas and the said Leon D. Adams, suing in his capacity as aforesaid.

The statement of the nature and result of the suit made in the brief of appellees is short and we think sufficient, and we literally adopt same.

El Paso County entered into a contract with J. E. Morgan & Sons for making certain improvements on the El Paso County Livestock and Agricultural Exhibition Building, after proper notice to bidders, the bid of Morgan being the lowest and best bid. The contract called for payment for the work by issuance of interest-bearing time warrants, payable over a period of three years, payment to be made as the work progressed, upon approval of the estimates by the architect and allowance by the Commissioners' Court. All formal requisites for the issuance of time warrants were complied with, and $500 worth of work having been performed by Morgan under the contract, the Commissioners' Court, after approval of the estimates by Percy McGhee, architect, allowed the claim and ordered the issuance of a time warrant as provided by the contract, in the sum of $500. Appellant, a taxpaying citizen of El Paso County, instituted this action to restrain the issuance of the time warrants and further work being done under the contract. There is only one question involved in the case, and that is the authority of the county to pay for the improvements by the issuance of time warrants payable over a period of years. The trial court held that the County possessed such power and denied the injunction.

This brief supplementary statement might be made:

If the power exists to issue these time warrants, the mode and manner of their issuance complies in all respects with the law governing same. The contemplated time warrants were six in number, five in the amount of $500 each, and the sixth in the sum of $336; same were payable, $1,000 on September 15, 1941, $1,000 on September 15, 1942, and $836 on September 15, 1943.

Appellant Adams makes one assignment of error: "The County of El Paso being without authority in law to issue time warrants for the payment of the cost of construction of a public improvement of the character of the one here involved, the Honorable Trial Court should have granted in all things the relief prayed for by the plaintiff below."

The State of Texas in its brief advances this proposition: "A county is not authorized under the laws of this State to issue time warrants to construct and improve a livestock and agricultural exposition building."

Appellees rely on Article 2372d, Vernon's Annotated Civil Statutes, which reads, in part, as follows:

"Section 1. All counties in the State acting by and through their respective Commissioners' Courts may provide for annual exhibits of horticultural and agricultural products, livestock and mineral products, and such other products as are of interest to the community. In connection therewith, such counties may also establish and maintain museums, including the erection of the necessary buildings and other improvements, in their own counties or in any other county or city in the United States, where fairs or expositions are being held.

"Sec. 2. The Commissioners' Courts of the respective counties or the Commissioners' Courts of several counties may cooperate with each other and participate with local interests in providing for the erection of such buildings and other improvements as may be necessary to accomplish the purpose mentioned in Section 1, of this Act and for the assembling, erecting, and maintaining of such horticultural and agricultural, livestock and mineral exhibits, and the expenses incident thereto."

Appellees' counter proposition is as follows: "When the Legislature has empowered a county to make public improvements without specifying the means of payment therefor, the county may contract for such improvements and issue interest-bearing time warrants payable over a

period of years to evidence the indebtedness created."

The concrete question presented by this appeal is: Has El Paso County the power to contract and pay for the construction of the building in question with time warrants?

Article 2372d, it is conceded, gives the County the power to construct the improvements in question. It is the means used in the exercise of this discretionary power that is called into question. That the County has the right to devote county revenues for this purpose follows by necessary implication from the grant of the power to construct same. The County is not given the express power to pledge the future revenue of the county in the exercise of this power. If such power there is, it must arise by implication from the express delegation of the power to construct the improvement. In the cases of the erection of courthouses, jails, and the construction of public roads, it has been often held that the county has the implied power to issue time warrants to pay therefor. San Patricio County v. McClane, 58 Tex. 243; Davis v. Burney, 58 Tex. 364; Stratton v. Commissioners' Court, Tex.Civ.App., 137 S.W. 1170; Lasater v. Lopez, 110 Tex. 179, 217 S.W. 373.

Section 2 of Article 11 of the Constitution, Vernon's Ann.St., in substance, provides that by general law provision be made for the construction of jails, courthouses, roads and bridges. However, the power to issue time warrants or bonds in payment for such improvements had not specifically been conferred by the general laws passed by the Legislature under the mandate of the Constitution regulating the construction of the improvements mentioned in Section 2, Article 11, of the Constitution, when some of the above cited cases were decided. Others were decided after the passage of the law authorizing bonds and hold the implied power survived the specific provision as to bonds.

In the cases cited above the power to pay for such improvements with time warrants seems to have been inferred from the power and duty to make same. On the other hand, it is well established that from the duty and power to make these improvements the power to issue negotiable bonds to pay for same out of the proceeds thereof is not to be implied. San Patricio County v. McClane, 44 Tex. 392; Robertson v. Breedlove, 61 Tex. 316.

In order to issue valid bonds to pay for such improvements the Legislature must specifically provide therefor. The mode outlined by the Legislature for the issue of bonds must be strictly followed. This proposition established by the case of Robertson v. Breedlove, supra, has been consistently recognized and followed.

In 1931 the Legislature passed what is denominated as the "Bond and Warrant Law." See Article 2368a, Vernon's Civil Statutes. The Bond and Warrant Law, while it recognizes time warrants and regulates and limits their issuance, does not purport to authorize their issuance; it does expressly authorize the funding of such warrants as are validly issued into negotiable bonds. The manner and mode of such refunding is carefully and minutely specified.

Appellants urge that appellees are here attempting to pay for the improvements by the issuance of bonds. It is not charged that same is directly done, but is to be accomplished by indirection, in that after the issuance of the time warrants, that under Article 2368a, the intent is to refund same by the issuance of negotiable bonds. The position is not that the Legislature could not authorize counties to issue bonds for the construction of the improvements in question here, but that it has not done so—not having authorized the issuance of bonds to pay the cost of construction, a county can not issue bonds therefor. If this were an attempt to directly issue bonds, we think, under Robertson v. Breedlove, supra, the position taken could not be successfully controverted.

Before refunding bonds could be validly issued, a definite obligation of the county must exist. The Bond and Warrant Law certainly contemplated that time warrants had been issued by some of the counties, and that others might be issued in the future.

There is this intrinsic difference between bonds and warrants: A bond is a negotiable instrument, while a warrant is non-negotiable. A warrant is subject at all times to the defenses it would be were it in the hands of the original payee—not so with a negotiable bond.

In our opinion, in part at least, the purpose of the Bond and Warrant Law was to permit counties to refund warrant obligation by bonds, in order to take advantage of more favorable interest rates,

if same could be obtained. If a definite legal obligation be established against a county, it could make very little difference whether same be evidenced by warrant or bond. Value has been received for the warrants before they are funded by bonds. In either event taxes must be imposed to service and pay same. The intrinsic difference between a warrant and a bond as to negotiability was the basis of the holding that while certain improvements may be paid for with deferred obligations, bonds may not be issued for this purpose unless there is specific authorization therefor in the law. In cases of a warrant, the consideration therefor may be called into question at any time prior to its payment—not so as to a bond. A bond, once issued by the body having the power to do so, becomes a courier without baggage. In the hands of a bona fide holder, the county must pay though it has not received value therefor. It is not probable that warrants will be converted into bonds until such a time has passed as will demonstrate that they are valid definite obligations. That is, until the performance of the contract, the consideration for issuance, has been completed.

█ We overrule the contention that this transaction is in substance and effect the issuance of bonds to pay for the improvement in question.

█ This ruling does not meet the question posed by the appeal: May the County erect this building and contract to pay for same with time warrants?

This power is not specifically conferred in the law authorizing the county to make the improvement. In this event, if such power there be, it is an implied power— implied from the power given to construct the improvement. The power, while not given, is not specifically withheld. Power there was to construct the improvements from money raised by taxation. Power to issue time warrants in payment for the construction of roads, courthouses and jails has been implied from the duty and authority to construct same. San Patricio County v. McClane, supra; Davis v. Burney, supra; Stratton v. Commissioners' Court, supra; Lasater v. Lopez, supra.

It is urged that the construction of courthouses, jails and roads is a mandatory duty. This is true, and therefrom arises the power to construct same, and from this power was implied the power to issue time warrants.

There is no difference as to content, that we are able to perceive, between the power arising from a duty imposed and a discretionary power conferred. The essence of the distinction between the two lies in the fact, in one case there is an express mandate to discharge a duty, that is, to exercise the power given; in the other, the exercise of the power is optional. A law conferring a discretionary power is as binding and vital as a law enjoining a duty; action taken under either in accordance therewith is equally justifiable. After the changes in the law relating to public improvements of the nature referred to in Section 2 of Article 11 of the Constitution, it was optional with the county whether bonds be issued therefor or time warrants issued. Here was certainly recognized a discretion in the County as a means to be used in the discharge of the duty. One way was as lawful as the other.

Article 2372d gives the power to construct the improvement. We think implied in that power is the authority to use the revenues of the county within lawful limits to construct the improvement. There is no charge here that the provisions of the Constitution for servicing the warrants and providing for their liquidation were not complied with in all respects. No claim is made as to any irregularity in the compliance with Article 2368a.

The distinction between the power of a municipal corporation to issue time warrants and to issue bonds is admirably drawn in 19 R.C.L., Section 84, page 780, and with admirable clarity the reason for the distinction is set forth. In this same section the following proposition is laid down: "A distinction is drawn between borrowing money and obtaining property or labor on credit, it being everywhere held that a municipal corporation has an implied power to use its credit for the accomplishment of any object for which it is authorized by law to expend money."

In the case of Bridgers v. City of Lampasas, Tex.Civ.App., 249 S.W. 1083, 1084, writ of error refused, this distinction is drawn with great clarity. The opinion is by that great jurist, Judge Key. In the opinion this proposition, taken from appellant's brief, was approved: "It is generally conceded and well established that municipal corporations are invested by implication with the power to contract on the general credit of the city with respect to such improvements as they are author-

ized to make." The section we have referred to above in Ruling Case Law was quoted from with approval in the course of the opinion. The same section is cited in the case of Clark v. W. L. Pearson & Co., 121 Tex. 34, 39 S.W.2d 27, 31, as sustaining the following proposition: "The rule is well established that municipal corporations are invested at least with an implied or incidental power to contract on the general credit of the city with respect to such improvements as they are authorized by law to make." Among the numerous cases cited by Judge Sharp in support of the proposition is the case of Lasater **v.** Lopez, 110 Tex. 179, 189, 217 S.W. 373.

It is true that the foregoing two Texas cases we have cited and briefly discussed involve the power of cities. The case of Lasater v. Lopez, supra, cited by Judge Sharp, involves a county. But we see no valid reason why the reasoning does not apply to the action of a county acting within the orbit of its authority conferred by law.

This proposition we deem sustained by authority: A county, subject to the express restrictions imposed by the Constitution and general laws, has the power to issue time warrants in payment for improvements it is expressly authorized to construct, provided that the applicable regulations relating to the issuance of such warrants be observed.

As we have said, the question of whether these warrants may be funded under the Bond and Warrant Law is not before us. The legality of the action in contracting for the issuance of time warrants is not to be determined upon consideration as to whether they may or may not lawfully be funded under the Bond and Warrant Law.

We find no error in the record.

Judgment of the trial court is affirmed.

HIGGINS, J., not sitting.