

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 18, 1946

Honorable I. Predecki
County Auditor, Galveston County
Galveston, Texas

Dear Sir:

Opinion No. 0-7092
Re: May time warrants be issued
for the purpose of erecting
an arena and pavilion for
cattle exhibitions?

We acknowledge receipt of your opinion request of recent date, and quote from your letter as follows:

"Reference is made to the above numbered opinion in connection with expenditure of County funds for the purpose stated, and which it was held in the opinion that I received from you, rendered by Honorable J. A. Ellis, Assistant Attorney General, and approved August 7th, 1945, by the first Assistant Attorney General that the funds in the County Park Fund which had been budgeted for the purpose of erecting an arena and pavilion for cattle exhibitions, could not be used for that purpose.

"In Opinion No. 0-2461 addressed to the County Attorney of El Paso County and approved on June 27th, 1940, a copy of which was sent to me, it was held that time warrants for the construction of a live-stock exhibition building could not legally be issued.

"After receiving the opinions referred to, I transmitted to County Judge Theodore R. Robinson of Galveston County the information, and he has informed me that he went to Austin and consulted with your department as to the method of paying for the livestock building structures that were to be erected, and that you advised him time warrants could be issued for this purpose.

"Kindly render me your opinion in connection
with the issuance of time warrants for this purpose."

Our opinion Number 0-2461, addressed to the County
Attorney of El Paso County and dated June 27, 1940, was evi-
dently sent to you by mistake.  The identical question in-
volved in that opinion was passed on by the El Paso Court of
Civil Appeals on December 12, 1940, in the case of Adams et
al v. McGill et al, 146 S. W. (2d) 332 (writ of error refused).
This Department intervened in that case on behalf of the State
of Texas.

Article 2372d of Vernon's Annotated Civil Statutes,
reads in part as follows:

"Section 1.  All counties in the State acting
by and through their respective Commissioners' Courts
may provide for annual exhibits of horticultural and
agricultural products, livestock and mineral products,
and such other products as are of interest to the
community.  In connection therewith, such counties
may also establish and maintain museums, including
the erection of the necessary buildings and other
improvements, in their own counties or in any other
county or city in the United States, where fairs or
expositions are being held.

"Sec. 2.  The Commissioners' Courts of the re-
spective counties or the Commissioners' Courts of
several counties may cooperate with each other and
participate with local interests in providing for the
erection of such buildings and other improvements as
may be necessary to accomplish the purpose mentioned
in Section 1, of this Act and for the assembling,
-erecting, and maintaining of such horticultural and
agricultural, livestock and mineral exhibits, and
the expenses incident thereto..."

The El Paso Court held that under this statute author-
izing a county to provide for annual exhibition of horticultural
and agricultural products, but not expressly conferring power to
issue time warrants to pay for improvements constructed for such
purpose, a county had "implied power" to issue time warrants
payable over a period of years for improvements on livestock and
agricultural exhibition buildings.  We quote from the opinion of
the court, as follows:

"In the case of Bridgers v. City of Lampasas, Tex.Civ.App.249 SW.1083,1084, writ of error refused, this distinction is drawn with great clarity. The opinion is by that great jurist, Judge Key. In the opinion this proposition, taken from appellant's brief, was approved: 'It is generally conceded and well established that municipal corporations are invested by implication with the power to contract on the general credit of the city with respect to such improvements as they are authorized to make.' The section we have referred to above in Ruling Case Law was quoted from with approval in the course of the opinion. The same section is cited in the case of Clark v. W. L. Pearson & Co., 121 Tex. 34, 39 S.W. 2d 27, 31, as sustaining the following proposition: 'The rule is well established that municipal corporations are invested at least with an implied or incidental power to contract on the general credit of the city with respect to such improvements as they are authorized by law to make.' Among the numerous cases cited by Judge Sharp in support of the proposition is the case of Lasater v. Lopez, 110 Tex. 179, 189, 217 S. W. 373.

"It is true that the foregoing two Texas cases we have cited and briefly discussed involve the power of cities. The case of Lasater v. Lopez, supra, cited by Judge Sharp, involves a county. But we see no valid reason why the reasoning does not apply to the action of a county acting within the orbit of its authority conferred by law."

You are advised, therefore, it is the opinion of this Department that Galveston County, subject to the present restrictions imposed by the Constitution and general laws, has the power to issue time warrants in payment for improvements expressly authorized, to-wit: for the purpose of erecting an arena and pavilion for cattle exhibitions, provided that the applicable regulations relating to the issuance of such warrants are observed.

Very truly yours
ATTORNEY GENERAL OF TEXAS
By:   /s/ Claud O. Boothman
Claud O. Boothman
Assistant

COB:V:mjs
APPROVED FEB 21, 1946
/s/ Carlos Ashley
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY /s/ BWB CHAIRMAN