

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 20, 1952

Hon. George M. Kelton  
County Attorney  
Ector County  
Odessa, Texas

Opinion No. V-1468

Re: Authority of the Commis-
sioners' Court to issue
bonds and levy and col-
lect taxes to build a
livestock and mineral
products exhibit build-
ing on a tract of land
which is subject to a
mineral lease.

Dear Sir:

Your request for an opinion of this office
reads in part as follows:

"... your office is respectfully re-
quested to furnish an opinion as to whether
or not the Commissioners' Court of Ector
County, Texas, is authorized to issue nego-
tiable bonds of the County and to levy and
collect taxes in payment thereof for the pur-
pose of building a permanent building to be
used for live stock and mineral products ex-
hibits, on a 100-acre tract of land which
said land is subject to an oil and gas lease."

It was held in Adams v. McGill, 146 S.W. 2d
332 (Tex. Civ. App. 1940, error ref.), that counties
could build such buildings under the provisions of
Article 2372d, V.C.S., but had no authority to issue
bonds for this purpose. Article 2372d-2, V.C.S., was
subsequently enacted in order that the construction
of these buildings might be accomplished through the
issuance of bonds. Att'y. Gen. Op. V-962 (1949). There-
fore, if the commissioners' court has authority to con-
struct the building it has equal authority to issue
bonds and levy taxes for this purpose, assuming, of
course, that the taxes levied will not increase the tax
rate for permanent improvements to an amount which ex-
ceeds that established under Section 9 of Article VIII
of the Constitution of Texas.

The only question for determination is whether the existence of the oil and gas lease will prohibit the commissioners' court from constructing the building in question.

In Brazos River Conservation Reclamation District v. Adkisson, 173 S.W.2d 294, 298 (Tex. Civ. App. 1943, error ref.), it is stated:

"An oil and gas lease carries with it the right to possession of the surface to the extent reasonably necessary to enable the lessee to perform the obligations imposed upon him by the lease."

In Grubstake Inv. Ass'n. v. Coyle, 269 S.W. 854, 855 (Tex. Civ. App. 1925, error dism.), it is stated:

"In the construction of an oil lease contract such as this, it must be construed most strongly against the lessee, for he is contracting only for the right to bore for minerals beneath the surface of the earth. He acquires no title to the surface, or any other right, except for the sole purpose; that is, a use and easement of the surface. Since that is the case, in a controversy such as this, the lessor retains and has parted with no surface rights to the use of the land for any purposes save the mineral rights, and what incidentally and contractually goes with that right. The contract gives 'the right of ingress and egress at all times for the purpose of drilling and mining and operating for oil and gas and other minerals, and he shall have the exclusive right to drill well, lay pipe lines, build tanks, and other structures.' These rights are secure and prior to any right of appellees. ...

"It was a question of fact as to whether the occupancy by appellees of the small part of the 20-acre lease did interfere with the reasonable use in the development of appellants' oil and mineral use under the surface. ..."

Based on the above authorities it becomes obvious that an answer to your question presents one of fact which this office can neither pass upon or answer categorically.

If, however, the construction of the building will not interfere with the rights of the lessee under the provisions of the oil and gas lease and further if the operations under the provisions of the oil and gas lease will not prevent the use of the building for the purpose of exhibiting livestock and mineral products, it is our opinion that the commissioners' court of Ector County may issue bonds and levy and collect taxes for the purpose of building a permanent building to be used for this purpose.

This opinion is limited to oil and gas leases generally and does not purport to pass upon any specific provisions or reservations which may appear in the lease in question since we have not been furnished with a copy thereof. In this connection, as a matter of practical relations with the lessee, it would probably be wise for the commissioners' court to advise the lessee of its plans.

## SUMMARY

The Commissioners' Court of Ector County is authorized to build a livestock and mineral products exhibit building on a tract of land owned by the county which is subject to a mineral lease if the construction of the building will not interfere with the rights of the lessee under the provisions of the lease and if the operations under the oil and gas lease will not prevent the use of the building for the purpose of exhibiting livestock and mineral products. Under Section 2 of Article 2372d-2, V.C.S., the county may issue bonds for this purpose.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

BA:am

PRICE DANIEL
Attorney General

By Bruce Allen
Bruce Allen
Assistant