## BALL, HUTCHINGS & CO. V. PRESIDIO COUNTY.

### No. 236.

**1. County Bonds—Power to Issue.**

It is well settled in this State, (1) that a county can not issue its bonds without an Act of the Legislature conferring the power to do so; and (2) that where the power to issue bonds of a county has been conferred by the Legislature upon the Commissioners Court (as in case of court house and jail bonds), such power can not be exercised by such court except by an order of court duly made and evidenced by the minutes of the court .......... 64

**2. Bona Fide Holder of County Bonds.**

To be a bona fide holder, one must be himself a bona fide purchaser or the successor of one who was. Every man is chargeable with notice of that which the law requires him to know, and of that which, after being put upon inquiry, he might have ascertained by reasonable diligence .. ..... 65

**3. Same—Notice Charged by the Law.**

The law requires a dealer in county bonds to know the provisions of the Act of the Legislature, and the order of the County Commissioners Court under which such bonds were issued, whether referred to on the face of the bonds or not .......... ............................................. 65

**4. Same—Case in Judgment.**

Order of the Commissioners Court for the issue of $60,000 of court house bonds, and $26,000 jail bonds, to be dated within ten days from February 9, 1886, and to be delivered before December, 1886; the bonds to be signed by the county judge and countersigned by the county clerk, and registered by the county treasurer before delivery. The eighty-six bonds were issued to the contractors, and the bonds were numbered consecutively. The bonds in question were delivered December 6, 1886, and were numbered 87 to 96. They were exact copies of the older issue, except as to the numbers—referring to the order of February 9, 1886. *Held,* that from these facts, with notice of which any purchaser is charged, the plaintiffs were chargeable with knowledge of the over-issue and invalidity of the issue of December 6, 1886 ............. ................................................ 63, 66

**5. Burden of Proof of Diligence.**

In order to fix liability upon the county for these void bonds in favor of bona fide holders, it devolved upon them to show the use of diligence to protect themselves. A failure to follow up the information in their possession was inconsistent with good faith and want of notice ..................... .. 66

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Presidio County. Justice Neil, of said court, not sitting.

Suit by Ball, Hutchings & Co. against Presidio County on certain coupons for interest upon county bonds delivered to Britton & Long. The trial court, without a jury, gave judgment for the county. The judgment was reversed and judgment rendered by Court of Civil Appeals for the plaintiffs.

The defendant's application for writ of error complained of error by the Court of Appeals, "In not holding, with the court below, that appellants were bound to know, as matter of law, what appeared in the order of the Commissioners Court, recited on face of said bonds; and that the county of Presidio had contracted to pay only $86,000

for the construction of the court house and jail, and that the bonds
issued over and above that number were unauthorized and void.''

The facts are given in the opinion.

*Davis, Beall & Kemp,* for plaintiffs in error.—1.  Ball, Hutchings & Co.
were charged with notice of the law in force when the bonds were
issued, and as the bonds on their face recite and refer to the order of
the Commissioners Court of February 9, 1886, the purchasers of the
bonds in question were bound to know that the county had contracted
to pay $86,000 in bonds for the erection of said court house and jail,
and that the bonds and coupons issued over and above $86,000 were
issued for an unlawful purpose, and the purchasers being chargeable
with notice of that fact, the same are void in their hands.    Caruthers.
v. The State, 67 Texas, 132;  Nolan County v. The State, 83 Texas, 183;
Francis v. Howard County, 50 Fed. Rep., 62;  Davies County v. Dick-
inson, 117 U. S., 657;  Francis v. Howard County, 54 Fed. Rep., 487;
City of Brenham v. Bank, 144 U. S., 173;  Nesbitt v. Independent Dis-
trict, 144 U. S., 610;  Dixon County v. Field, 111 U. S., 83;  Knox County
Com. v. Aspinwall, 21 How., 539;  Ogden v. Davis County, 102 U. S.,
634;  Sutliff v. Board, 147 U. S., 230;  Lake County v. Graham, 130 U.
S., 675;  Buchanan v. City of Litchfield, 102 U. S., 278;  Claiborn County
v. Brooks, 111 U. S., 400;  Lewis v. City of Shreveport, 108 U. S., 282;
Dill. Mun. Corp., sec. 546.

2.  The power of the county to erect a court house and jail at Marfa
having been exhausted, as appears from the order of the court of Feb-
ruary 11, 1886, recited in the face of said bonds, and the contract
therein mentioned, the purchasers of the bonds in suit thereafter issued
were put upon inquiry and affected with notice of the order of the
court of December 4, 1886, recorded in the minutes of said court, show-
ing that said bonds were issued for the unlawful purpose of furnishing
the court house.    Rev. Stats., art. 1527;  Polly v. Hopkins, 74 Texas,
147;  Brown v. Reese, 67 Texas, 318;  Barnett v. City of Denison, 145
U. S., 141;  Anthony v. Jasper County, 101 U. S., 693;  School District
v. Stone, 106 U. S., 183;  McClure v. Oxford, 94 U. S., 229;  Harchman
v. Bates County, 92 U. S., 569;  Bates County v. Winters, 97 U. S., 85;
Bank v. Board, 115 U. S., 384;  Coler v. City of Cleburne, 131 U. S.,
162;  Township of Oakland v. Skinner, 49 U. S., 248;  Martin v. Nes-
bitt, 86 Tenn., 383;  Lewis v. Barbour County, 12 Kan., 186;  Wells v.
Supervisors, 102 U. S., 625;  Barnes v. Town of Lacon, 84 Ill., 461;
Burroughs on Public Securities, pp. 229–331.

3.  The Court of Appeals erred in holding that the plaintiffs below
were not affected by the vice in said bonds, and that the county was
estopped by the recitals therein.  Lewis v. Barber County, 12 Kan., 186;
Dixon v. Field, 111 U. S., 83;  Martin v. Nesbett, 86 Tenn, 383;  Mc-
Clure v. Oxford 94 U. S., 429;  Coler v. City of Cleburne, 131 U. S.,
723;  Bissell v. Spring Valley, 101 U. S., 162;  Anthony v. Jasper
County, 101 U. S., 683.

4. The recitals of the laws under which the bonds purport to be issued are not the recitals of any facts, but only a conclusion of law. Davis County v. Dickenson, 117 U. S., 657; Francis v. Howard County, 54 Fed. Rep., 487.

5. It was necessary at least for the purchasers to inquire into the existence of the facts that empowered the court to issue the bonds in question, and to know that the county had no court house at that time. Nolan County v. The State, 83 Texas, 195; Burroughs on Public Securities, 229–331.

*Edwards & Neill,* for defendant in error.—1. The recital in the bonds of the fact that they were issued by virtue of the provisions of the Act of the Legislature therein designated, and of the order of the County Commissioners Court of Presidio County of February 9, 1886, is notice that they were issued for the purposes specified in said act and order, and the appellees are estopped from showing the fact to be otherwise. Hackett v. Ottawa, 99 U. S., 86; Ottawa v. Bank, 105 U. S., 342; Barnett v. City of Dennison, 145 U. S., 141; Gibbs v. School Dist., 50 N. W. Rep., 294; Scipio v. Wright, 101 U. S., 665; Comanche County v. Louis, 133 U. S., 198.

2. When negotiable bonds or securities on their face import by recitals a compliance with the law under which they were issued, the purchaser is not bound to look further for evidence of compliance with the conditions annexed to the power to issue them. Com. of Knox County v. Aspinwall, 21 How., 545; Mercer County v. Hackett, 1 Wall., 83; St. Joseph Township v. Rodgers, 16 Wall., 659; Pendleton v. Amy, 80 U. S., 305; Bessell v. Jeffersonville, 24 How., 288; Moran v. Miami County, 2 Blackf. (76 U. S.), 722; Grand Chute v. Winegar, 15 Wall., 372; Larned v. Berlington, 4 Wall., 276; Lynde v. County, 16 Wall., 6; Kennecott v. Supervisors, 16 Wall., 464; Meyer v. City of Muscatine, 1 Wall., 384; Town of Coloma v. Eaves, 92 U. S., 484; Town of Venice v. Murdock, 92 U. S., 494; Lincoln v. Iron County, 102 U. S., 412.

3. A bona fide holder, for value without notice, of negotiable municipal bonds, may rely implicitly upon the recitals in the bonds made by the proper officers, that the authority to issue them has arisen; and he is under no obligations to consult the records of the municipality, and is not charged with constructive notice of their contents. Nolan County v. The State, 83 Texas, 183; Dill. Mun. Corp., 4 ed., secs. 527–529; Mercy v. Town of Oswego, 92 U. S., 637; Humbolt Township v. Long, 92 U. S., 642; Knox County v. Aspinwall, 21 How., 539; Town of Coloma v. Eaves, 92 U. S., 84; New Providence v. Halsey, 117 U. S., 336; Booth v. New Providence, 47 N. J. L., 410; 2 Atl. Rep., 253; County of Burgen v. Bank, 12 Fed. Rep., 743; Comanche Co. v. Lewis, 133 U. S., 198; Wilson v. Salamanca, 99 U. S., 504; Bernard v. Morrison, 133 U. S., 533.

DENMAN, ASSOCIATE JUSTICE.—On the 9th day of February, 1886, the Commissioners Court of Presidio County, Texas, entered an order embodying the following:   (1) The bid of Britton to construct a court house at Marfa, Presidio County, Texas, for $60,000, to be paid in court house and jail bonds, and that of Anderson, to construct a jail at same place for $26,000, to be paid in same kind of bonds, were accepted; (2) Britton and Anderson were respectively required, within ten days from February 9, 1886, the date of said order, to enter into contracts to construct same; (3) work to begin in twenty days from date of contracts, and the court house to be finished within one year and the jail within six months from date of contracts; (4) the bonds were to be of the denomination of $1000 each, to bear interest at 8 per cent, to run fifteen years from their dates, and the $60,000 to be delivered to Britton were to bear the same date as his contract to build the court house, $30,000 of them to be delivered to him when the contract was signed, and $30,000 when the court house was half finished, and the $26,000 to be delivered to Anderson were to bear the same date as his contract to build the jail, $13,000 of them to be delivered to him when the contract was signed, and $13,000 when the jail was half finished; (5) the county judge was authorized on behalf of the county to enter into said contracts with Britton and Anderson, and to issue and deliver to them respectively said bonds as above provided.

The order did not provide for numbering the bonds, nor for a tax to raise a sinking fund and interest.

The record does not directly show the dates of signing the contracts for the court house and jail respectively, but does show that sixty of the bonds, numbering from 1 to 60 inclusive, were dated February 11, 1886, and delivered to Britton, and that twenty-six of such bonds, numbering from 61 to 86 inclusive, were dated February 15, 1886, and delivered to Anderson.   Said eighty-six bonds, being for $1000 each, were all the bonds authorized to be issued by said order of February 9, 1886, and each bond was in the same words and figures, with the exception of numbers and dates, as the one hereinafter set out.

The record shows, that on the 6th day of December, 1886, the Commissioners Court of Presidio County, for the purpose of paying for the furnishing of said court house and erecting a system of waterworks for said court house and jail, *then already constructed*, delivered to Britton & Long ten bonds, numbered 87 to 96 inclusive, each in the following language, except as to number, omitting coupons:

"THE STATE OF TEXAS, }               "No. 96.     $1000.00.
   "County of Presidio. }

"The county of Presidio, in the State of Texas, will pay the bearer $1000, fifteen years after date, with interest at the rate of 8 per centum, payable annually on the 10th day of April, at the State Treasury, on surrender of the proper coupon hereto attached.   This bond is issued by virtue of an Act of the Legislature of the State of Texas, entitled,

'An act to authorize the County Commissioners Court of the several counties of the State to issue bonds for the erection of a court house, and to levy a tax to pay for the same,' approved February 11, 1881, and by virtue of the provisions of chapter 17, laws of called session of the Eighteenth Legislature, which said chapter has since been validated by the Act of March 27, 1885, authorizing the County Commissioners Court of the several counties of the State to issue bonds for the erection of a county jail, and by order of the County Commissioners Court of said county of Presidio, on the 9th day of February, 1886, and is redeemable before maturity at the pleasure of the county.

"In testimony whereof, the County Commissioners Court of Presidio County has caused to be hereto affixed the seal and signatures of the proper officers of said court, this the 6th day of December, 1886.

"J. S. CATLIN,<br>
"County Judge of Presidio County.

"Countersigned:   W. S. LEMPERT,
        "Clerk of the County Court of Presidio County, Texas.

"Registered:        FRED. W. RUOFF,
            "County Treasurer."

This suit was brought by Ball, Hutchings & Co. against Presidio County to recover interest due on some of said ten bonds, dated December 6, 1886, evidenced by coupons referring to and identifying the bonds to which they were originally attached.

The trial court, before whom the cause was tried without a jury, rendered judgment for the county, which judgment was, on appeal, reversed and rendered for Ball, Hutchings & Co. by the Court of Civil Appeals for the amount of the coupons, and from such judgment of the Court of Civil Appeals the county has prosecuted a writ of error to this court.

It is well settled in this State, (1) that a county can not issue its bonds without an Act of the Legislature conferring the power to do so (Nolan County v. The State, 83 Texas, 193); and (2) that where the power to issue the bonds of a county has been by the Legislature conferred upon the Commissioners Court, as in case of court house and jail bonds, such power can not be exercised by such court except by an order of court duly made and evidenced by the minutes of the court.   Brown v. Reese, 67 Texas, 318; Polly v. Hopkins, 74 Texas, 145.   The bond is not the obligation of the court, but of the county. The Legislature has not seen fit to authorize the county judge and commissioners to impose such obligation upon the county, but has authorized the "County Commissioners Court," *under certain conditions,* to issue bonds of the county to erect a court house and jail, and under the law such court can act only by an order.

Without expressing any opinion upon the subject, we may assume, for the purpose of this opinion, that the County Commissioners Court, under the acts of the Legislature and the other conditions necessary,

had the power to issue bonds of Presidio County for court house and jail purposes to the full amount of the bonds above mentioned, $96,000.

This brings us to the second inquiry, as to whether the ten bonds dated December 6, 1886, were authorized by the order of February 9, 1886, referred to on their face, and substantially stated above. Said order only authorized the issuance of eighty-six bonds of $1000, and directed that they should be dated within ten days of February 9, 1886, which was in fact done by dating those numbering 1 to 60 on the 11th, and those numbered 61 to 86 on the 15th of February, 1886, and delivering them to the contractors. This fully satisfied the order, and said ten bonds subsequently issued were in fact without an order to support them, and therefore, in law, void.

Ball, Hutchings & Co. claim, that though this be true, nevertheless they are entitled to recover, on the ground that they are bona fide holders of said bonds and coupons for value. They seek to have the courts declare an issue of bonds, void as between the county and the party to whom they were issued, valid as to them on the ground aforesaid, and in order to do so, they must assume the burden of proving such issue. It may be conceded that they paid value for the bonds, but are they bona fide holders under the facts? "To be a bona fide holder, one must be himself a purchaser for value without notice, or the successor of one who was. Every man is chargeable with notice of that which the law requires him to know, and of that which, after being put upon inquiry, he might have ascertained by the exercise of reasonable diligence." McClure v. Oxford, 94 U. S. Rep., 429.

It results from what has been said above, that "the law requires" a dealer in county bonds to know the provisions of the Act of the Legislature and the order of the County Commissioners Court under and by virtue of which such bonds were issued, whether referred to on the face of the bonds or not. What information did plaintiff derive from the Act of the Legislature, the order of February 9, 1886, and the bonds dated December 6, 1886, purchased by them?

They were thereby informed, (1) that there was a difference of ten months between the order of court and the bonds purporting to have been issued thereunder, whereas the order required the total issue of bonds authorized thereby to be dated within ten days from February 9, 1886. $60,000 when the court house contract was signed, and $26,000 when the jail contract was signed, both contracts to be signed within the ten days; (2) that all of said bonds were, under said order, to have been issued and delivered before December, 1886, as the court house was to have been completed in one year and the jail in six months from date of contracts, and one-half of the court house and jail bonds were to have been delivered to the contractors on the signing of the contracts, and the other half when the respective buildings were one-half completed, thus requiring the delivery, in all probability, of all the bonds within seven or eight months from February 9, 1886; (3) that the county judge was authorized to sign and deliver the bonds,

sixty to Britton and twenty-six to Anderson; (4) that before delivery they must have been countersigned by the county clerk and registered by the county treasurer; (5) that the delivery of said bonds satisfied said order of February 9, 1886; (6) that by the numbering of the ten bonds of December 6, 1886, offered for sale, 87 to 96, it was possible, if not probable, that more than eighty-six bonds were being issued under said order.

These facts, being known to them, were sufficient to "put them upon inquiry" as to whether these bonds were in excess of the amount authorized by said order.    Being thus put upon inquiry as to such facts, it became their duty to use "reasonable diligence" to ascertain whether the bonds of December 6, 1886, offered them, were in fact in excess of the amount authorized by such order.

The burden being upon them, as above stated, to show that they were bona fide holders, in order to fix liability upon the county for these void bonds, it was incumbent upon them to prove on the trial that they had used such diligence, in order to have authorized the rendition of a judgment in their favor.    Their failure to follow up the information in their possession, is in law inconsistent with good faith and want of notice.    Ball, Hutchings & Co. having made no proof on this issue, were not entitled to recover as bona fide holders.

It is not necessary to the adjudication of the rights of the parties to this suit to express an opinion on the other questions raised by the record, nor to decide whether plaintiffs could have recovered in this suit without showing the existence of the conditions necessary to authorize the County Commissioners Court of this particular county to issue bonds to the amount shown by this record.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

*Judgment of Court of Appeals reversed.*