COWAN et al. v. DUPREE et al.

(Court of Civil Appeals of Texas. Texarkana. July 3, 1911. Rehearing Denied Oct. 5, 1911.)

COUNTIES (§ 105*)—COURTHOUSES—POWER TO CONSTRUCT—STATUTES.

The power of county commissioners to provide for construction of a courthouse otherwise than from a sale of bonds was not abrogated by Acts 26th Leg. c. 149, nor by Acts 28th Leg. (1st Ex. Sess.) c. 4, authorizing issuance of county bonds.

[Ed. Note.—For other cases, see Counties, Dec. Dig. § 105.*]

Appeal from District Court, Franklin County; P. A. Turner, Judge.

Action by C. C. Dupree and others against G. E. Cowan and others. From an order granting a temporary injunction, defendants appeal. Injunction dissolved.

R. V. Davidson and R. T. Wilkinson, for appellants. L. W. Davidson and Looney, Clark & Leddy, for appellees.

WILLSON, C. J. Appellees, owners of property subject to taxation in Franklin county, brought this suit against appellants, the commissioners' court of that county, and Cowan and others, composing said court, to restrain them from creating an indebtedness against said county for the purpose of building a courthouse and jail. The appeal is from an order made by the judge in vacation, granting a temporary injunction. It is prosecuted in accordance with the act of April 16, 1907 (General Laws, p. 206).

From the petition, answer, and testimony heard by the judge, it appeared that said court had determined it was necessary to build a courthouse and jail for said county, and, without submitting the matter to a vote of the property taxpayers of the county, had determined to have same constructed, and to pay therefore, as the work progressed, by issuing and delivering to the contractor for the construction thereof "courthouse and jail warrants" in sums aggregating $40,000 to $50,000, bearing interest, payable semiannually at the rate of 6 per cent. per annum, maturing at intervals in the future, and payable out of a fund to be created for the purpose by the levy and collection during a series of years of a special tax of not exceeding 25 cents on the $100 valuation of the taxable property in said county. It further appeared that the form of the warrants to be issued had not been agreed upon by the court; but their intention was to issue "legal warrants." In pursuance of its determination, it further appeared said commissioners' court had employed an architect, had had plans and specifications of the proposed buildings prepared, and was advertising for bids for the work intending to enter into a contract with the successful bidder binding the county to so pay for the construction of the proposed buildings. The question made by the record before us is not in any material respect different from the one made in Stratton v. Commissioners' Court of Kinney County et al., 137 S. W. 1170, decided by the Court of Civil Appeals of the Fourth District May 17, 1911, and not yet officially reported. There the commissioners' court had had a courthouse constructed, paying for same by issuing and delivering to the contractor interest-bearing warrants maturing at intervals during a series of years, drawn against a fund to be created by the levy and collection, annually until all the warrants and interest thereon are paid, of a special tax. There, as here, the contention was that the effect of the acts of May 26, 1899 (General Laws, p. 258), and April 28, 1903 (General Laws, [1st Ex. Sess.] p. 9), was to deprive commissioners' courts of power to provide such buildings in any other way than by the issuance of bonds, and to make it unlawful for that court to issue bonds, except for a sum less than $2,000, as specified in the first mentioned of the acts, unless a proposition covering the issuance thereof had been submitted to a vote of the property taxpay-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ers of the county and approved by a majority of them. The Court of Civil Appeals overruled the contention, holding that the commissioners' courts, before the passage of said acts, had power to provide for the construction of courthouses and jails otherwise than by the sale of bonds, and . that said acts did not operate to deprive such county of such power. Referring to said act May 26, 1899, the court said: "It makes it unlawful for any commissioners' court to *issue* bonds of the county for any purpose authorized by law, unless a proposition for their issuance shall be submitted to the voters who are taxpayers of said county, and a majority of such qualified property taxpayers voting at said election is in favor of the issuance of bonds. If, then, the commissioners' court determine that the courthouse to be built is to be paid for otherwise than by the sale of, bonds, and bonds are not issued for that purpose, the act can have no application to the question involved in this case." "Nor," the court added, "does the act May 28, 1903, affect the question. It simply authorizes and empowers the county commissioners' court to issue bonds for certain designated purposes, but does not take away its authority or power to accomplish such purposes without their issuance." Further discussing the question, the court said: "If, however, there is no distinction between bonds, such as come within the meaning of the act of May 26, 1899, and warrants, such as are provided for in the contract described in plaintiff's petition, the acts referred to are directly applicable and render the warrants, so called, absolutely null and void, for the county commissioners' court cannot do by indirection that which they cannot do directly. The form of the warrants is not set out in plaintiff's petition, nor is it anywise shown by the record before us. We must therefore, in considering them, give the term *warrant* its ordinary meaning or signification; for it cannot be presumed that the commissioners' court has been juggling with words to evade the law. A municipal warrant or order is an instrument generally in the form of a bill of exchange or order drawn by an officer of a municipality upon its treasurer, directing him to pay an amount of money specified to the person named, or his order, or bearer. They are in the ordinary form of commercial paper, but they do not possess the qualities of such paper. They are regarded as orders of the corporation on itself, and, in substance, the mere promise of the municipality to pay the amount specified, and they are liable to all the equities existing or attached to the original transaction. Haines· on Munc. Securities, §§ 355, 356; Randolph on Commercial Paper, §§ 91, 337, 338; 1 Dill. Mun. Corp. 406. But the character of negotiability belongs to munic-

ipal bonds, which are in form and intention negotiable, and, apart from the question of authority and regularity, a bona fide holder for value, before maturity, is entitled to recover upon it clear of defenses existing against the original holder. Such bonds are to be regarded in the main as commercial paper, and holders of them are necessary parties to a suit in equity commenced by taxpayers to obtain an injunction against the collection of taxes for their payment. Randolph on Com. Paper, § 336, and authorities cited." The Supreme Court refused a writ of error in the Stratton Case, and so approved as correct the rulings made by said Court of Civil Appeals. Tested by those rulings, it is clear the judge erred in granting the temporary injunction in this case. His order granting the writ, therefore, will be vacated, and the injunction will be dissolved. The costs will be adjudged against appellees.