### ALLEN v. ABERNETHY et al.

(Court of Civil Appeals of Texas. San Antonio. Nov. 13, 1912.)

1. Counties (§ 167*)—Warrants — Negotiability.

Warrants issued by the commissioners' court to pay a contractor constructing a courthouse are mere orders on the treasurer to pay the amounts named, and are nonnegotiable, and the contract for the work may not make them negotiable so as to entitle a purchaser thereof to the rights of an innocent purchaser.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 249; Dec. Dig. § 167.*]

2. Counties (§§ 113, 164*)—Construction of Courthouse — Powers of Commissioners' Court.

Under the statute empowering the commissioners' courts to provide and keep in repair courthouses, jails, and public buildings, the commissioners' court of a county may contract for the construction of a courthouse and issue interest-bearing nonnegotiable warrants to pay therefor.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 174–180, 241–245; Dec. Dig. §§ 113, 164.*]

3. Counties (§ 165*) — Construction of Courthouse—Warrants—Validity.

Warrants issued by the commissioners'. court to pay a contractor constructing a courthouse are not void because they are made payable at the county seat or outside the state,

even if payment at the latter point may be enforced.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 246–248; Dec. Dig. § 165.*]

4. Counties (§ 192*) — Construction of· Courthouse—Tax Levy.

A taxpayer may not complain of a tax levied by the commissioners' court of a county for the construction of a courthouse, where the levy is for so much of 15 cents on $100 as may be necessary.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 300–302; Dec. Dig. § 192.*]

5. Counties (§ 113*)—Commissioners' Court—Delegation of Authority—Statutes.

Under Rev. Civ. St. 1911, art. 1373, authorizing the commissioners' .court to appoint agents to contract for the county, the commissioners' court may appoint the county judge or any other agent to make a contract for it for the construction of a courthouse.

[Ed. Note.—For other cases, see Counties,. Cent. Dig. §§ 174–180; Dec. Dig. § 113.*]

Appeal from District 'Court, Atascosa County; E. A. Stevens, Judge.

Action by George Allen against W. M. Abernethy and others. From a judgment granting partial relief, plaintiff appeals. Affirmed.

Frank H. Burmeister, of Christine, and J. F. Carl, of San Antonio, for appellant. C. C. Clamp, of San Antonio, for appellees.

FLY, C. J. Appellant obtained a temporary injunction from the judge of the Seventy-Third judicial district of Texas restraining W. M. Abernethy, county judge, and the county commissioners, treasurer, and assessor of Atascosa county from proceeding under and recognizing a certain contract made and entered into by the commissioners' court on June 10, 1912, with the Gordon-Jones Construction Company, to build a courthouse at Jourdanton to cost $65,000, to be paid for with county warrants secured by a lien on a 15-cent tax levy on each $100 of the valuation of the entire property of the county, as well as a lien on the contemplated courthouse; the warrants to bear 6 per cent. interest from June 10, 1912, and payable, principal and interest, on March 1, 1913, and on each successive year up to and including the year 1928. The papers were returned to the district court of Atascosa county, and a trial had on a motion to dissolve the injunction, in which it was decreed that the temporary writ of injunction "was properly granted," and in addition it was recited:. "But, it appearing that W. M. Abernethy, acting in behalf of Atascosa county, and the Gordon-Jones Construction Company have subsequently entered into an agreement in writing, dated July 19, 1912, by the terms of which the objectionable features of the original contract between said Atascosa county and said Gordon-Jones Construction Company, with reference to the. obligations to be issued by said county and to be delivered to

said company, it is ordered that said temporary injunction be and is hereby modified so as not to restrain the defendants, nor any of them, from proceeding with the erection of a courthouse building in accordance with the terms of said original contract after the commissioners' court of said Atascosa county shall have fully ratified the said agreement in writing entered into by said W. M. Abernethy and said Gordon-Jones Construction Company amending said original contract."

It was admitted that the orders, contract, and other matters were as alleged in the petition; that the warrants described in the petition had been issued and signed by the county judge and county clerk and were in the hands of the county judge. Appellees introduced in evidence a supplemental contract made by the county judge with the construction company, in which the following language in the original contract was eliminated: "And the delivery of said warrants shall be a waiver by the county officials of all defense of whatever nature, which said county or any officer or other person may interpose to the payment of any of said warrants, or the county's right to levy said special tax of fifteen cents (15¢) on the one hundred dollars, or so much thereof as may be necessary, and make sufficient appropriations out of the same for the payment of the same, for the payment of said warrants, and of the amounts, both principal and interest, on the contract price represented by them from year to year." The following stipulation was also eliminated: "That they shall pass by delivery merely, and to the extent of cutting out equities and defenses in the hands of innocent purchasers for value, said warrants and interest warrants are, and shall be, negotiable instruments." It was also agreed in terms that the warrants should not be negotiable instruments, but merely be assignable. The warrants had written across their face "interest warrants" and "principal warrants." The warrants were orders on the county treasurer to pay the construction company, on a certain date, a certain sum "out of the special county courthouse building fund; being the amount allowed by the county commissioners' court of said county, at their June term, A. D. 1912, for labor and material furnished in the erection of a county courthouse."

[1,2] The warrants were not negotiable paper, but were simply evidence of the debt that the county owed. They are merely orders on the treasurer to pay the amounts named, on compliance with law. San Patricio County v. McClane, 44 Tex. 397. In the same case, in 58 Tex. 243, it was held that the statutory power "to provide courthouses, jails, and all necessary public buildings" gave authority to the county to contract to pay interest on its indebtedness incurred in the erection of a courthouse. The same proposition was reiterated in Davis v. Burney, 58 Tex. 364.

Under our present statute, the power is given commissioners' courts "to provide and keep in repair courthouses, jails, and all necessary public buildings"; being the same power lodged in the county court under the statute which the Supreme Court in the McClane Case, 58 Tex. 243, held authorized the issuance of interest-bearing warrants. They would not be negotiable paper, and could not prevent the county from setting up any defense it might have against the construction company, and any attempt upon the part of the commissioners' court to make them negotiable was futile and void. The commissioners' court had the authority to build the courthouse, and had the right to make the order it did, and had the authority to issue interest-bearing warrants to pay the indebtedness incurred in building the courthouse. A very similar state of facts prevailed in the case of Stratton v. Commissioners' Court, 137 S. W. 1170, and this court held that the contract for building the courthouse was valid and legal. A writ of error was refused in that case. To the same effect are Cowan v. Dupree, 139 S. W. 887, and Commissioners' Court v. Nichols, 142 S. W. 37. In the last-named case it was held that, if the instruments showing the indebtedness had been intended for bonds, they were illegal as such and could not pass into the hands of an innocent purchaser. If that be true, the injunction should have been dissolved by the district court. There could have been no error, of which appellant could reasonably complain, in the action taken by the district court. He obtained everything that he was entitled to, if not more. The warrants issued by the commissioners' court are not bonds in any sense, and the contract made with the construction company could not make them bonds. The warrants were not negotiable instruments, and the contract sought to be made by the county judge could not transform them into paper that would entitle a purchaser of them to the benefits of an innocent purchaser. The warrants do not provide for attorneys' fees.

[3] We do not think that the warrants would be void because of the provision making them payable in Jourdanton or New York, even if payment at the latter point could be enforced.

[4] The tax levied by the commissioners' court was not positively for 15 cents on the $100, but was, for "so much thereof as may be necessary." We do not think that appellant had any cause for complaint.

[5] The commissioners' court had the authority to appoint the county judge or any other agent to make the contract for it. That right is given by statute. Rev. St. art. 797; last revision, art. 1373.

The judgment is affirmed.