

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Overruled by K-120d

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Sir:

Opinion NO. 0-7054
Re: Authority of county to issue
time warrants for maintenance
and operating expenses of county
hospital.

We have your letter of July 6, 1946, in which you request an opinion from this department on the following question in behalf of the Bexar County Commissioners' Court:

"As to whether or not said Court is empowered under the law to authorize the issuance of General Fund Time Warrants for the purpose of maintaining and operating the Robert B. Green Memorial Hospital, San Antonio, Texas."

Attached to your opinion request is a letter from the County Judge of Bexar County, setting forth the background of this request, and from which letter we quote in part as follows:

"The (hospital) appropriation as made in the 1946 Bexar County budget will practically be exhausted in its entirety not later than September 15th next. Unless it will be possible for the Commissioners' Court to provide funds by and through the issuance of General Fund Time Warrants for its continued operation and maintenance after said date to December 31st, the end of the fiscal year, the Board of Managers of said Hospital will be faced with no alternative other than to close this institution."

In answering your question, we will consider first the general power of a county to issue time warrants.

Prior to 1903 there was no provision in our statutes for the issuance of bonds, and the courts held that counties had the implied authority to issue time warrants for the construction of permanent improvements. Stratton v. Commissioners'

Court of Kinney County, 137 S.W. 1170; Cowan et al v. Dupree et al, 139 S.W. 887; Commissioners' Court of Floyd County et al v. Nichols et al, 142 S.W. 37; Allen v. Abernathy et al, 151 S.W. 348.

Some time after these decisions the Legislature authorized the issuance of bonds for courthouses, jails, public roads, etc.

Later, in the case of Lasater v. Lopez, 217 S.W. 373, the Supreme Court held that it was within the discretion of the Commissioners' Court whether they issued time warrants or bonds for the construction of permanent improvements. In this opinion Judge Phillips deals at length with the constitutional and legislative enactments which gave the commissioners' courts authority to issue both warrants and bonds.

In the more recent case of Adams v. McGill, 146 S.W. (2d) 332, in which this department intervened, the court held that under a statute authorizing a county to provide for annual exhibitions of horticultural and agricultural products, the county had the implied power to issue time warrants payable over a period of years for improvements to livestock and agricultural buildings.

The general rule, as stated in Adams v. McGill (supra), that the county may issue time warrants in payment for improvements which it is expressly authorized to construct, is, we believe, extended by the Supreme Court in the case of Bexar County v. Mann, 157 S.W. (2d) 134, to authorize the issuance of time warrants in payment for debts created by a county in accomplishment of any object for which it is authorized by law to expend money.

In the Bexar County case (supra) the county had entered into a contract to purchase voting machines and had issued bonds therefor chargeable against the general fund, pursuant to Art. 2997a, V.A.C.S., which authorized such purchase and such bonds but which statute did not expressly provide that such bonds were to be charged against the county general fund. This department, the respondent in that case, contended that the constitutional twenty-five-cent general fund tax should be applied only to the payment of the ordinary or current operating expense of a county and that such expense does not embrace or contemplate the payment of bonds or time warrants and the interest thereon, being confined to the payment of officers' salaries, purchasing of supplies, caring for paupers and providing for the actual and necessary day-to-day expenses. We contended that if a county can appropriate part of this tax for a series of future years, it can pledge all of it and thus deprive itself of the revenues to pay current

operating expenses, and that pledging the current income for the payment of bonds or warrants and interest theron beyond the current year would be subversive of the structure of the county government itself. Judge Critz overruled our conten-- tion in that case, holding:

"In our opinion, our decisions have already settled it as the law of this State that the general fund tax of twenty-five cents, authorized to be levied by counties for 'county purposes' by Section 9 of Article VIII of our Constitution, can be pledged for the payment of obliga- tions or bonds, the maturities of which extend beyond the current fiscal year for which said tax was levied. It follows that the statute under consideration here, which authorizes bonds to be issued payable over a series of years out of a county's general fund tax, does not violate the above constitutional provision. Cass County v. Wil- barger County, 25 Tex. Civ. App. 52, 60 S.W. 988, writ refused; Hidalgo County v. Haney, Tex. Civ. App., 67 S.W. (2d) 409.

". . . The only question here involved is the power of the commissioners' court to charge the twenty-five cents tax authorized by Section 9 of Article VIII of our Con- stitution with obligations payable beyond the current year for which such tax is levied; and as to that power no difference can exist between warrants and bonds running beyond the current year. The only material difference between warrants and bonds is that warrants are not ne- gotiable, while bonds are.

"In Hidalgo County v. Haney, supra, the San Antonio Court of Civil Appeals had before it for decision the validity of $30,000 in county warrants payable out of the twenty-five cents general fund of the county, running over a number of years, issued by Hidalgo County for tick eradication purposes by authority of Section 5 of H.B. No. 77, Ch. 53, Gen. Laws, 41st Leg. 1929, 1st called Sess., p. 128, Article 1525c, Section 5, Vernon's Penal Code, 1936. We shall not attempt a full discussion of this opinion. It is sufficient to say that it upholds the power of the Legislature to provide for the issuance of the warrants just described.

". . . When we approach this case as an original question, we are unable to find any words in the consti- tutional provision involved which limit the power of a county to levy taxes thereunder for the current year only. The constitutional provision itself simply limits the power to 'county purposes'.

Nothing is said about the current year, and certainly the decisions of this State have declined to read that provision into it. The only provision in our Constitution which limits the power to levy the twenty-five cents tax authorized by the constitutional provision under discussion for debts payable beyond the current year, is Section 7 of Article XI, which provides: 'But no debt for any purpose shall ever be incurred in any manner by any. . . . county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund.' This last-mentioned constitutional provision has been complied with in the order authorizing the issuance of these bonds."

We believe it is therefore established by the above decision that a county has the authority not only to issue time warrants for permanent improvements but also to pledge its general fund for the issuance of time warrants to pay for any public purpose of the county authorized by law, provided such expenditure does not come or fall under any purpose for which a special fund has been provided, such as permanent improvements.

In 1913 the Legislature of Texas authorized the establishment of county hospitals and provided for the election for the issuance of bonds for the cost of the erection of same, and provided for their operation and maintenance from general fund taxes. This act has been brought forward in Vernon's Annotated Civil Statutes as Articles 4478 to 4495 and Article 4437a.

In the case of Seydler et al v. Border et al, 150 S.W. (2d) 72, the Galveston Court of Civil Appeals held that Article 4478 was constitutional and that the same authorized counties to issue bonds for the construction and equipment of county hospitals. The court also held that the issuance of bonds for the construction and maintenance of hospitals by county units for the care of the sick constituted "public purpose" as distinguished from a private purpose.

It is our understanding that the Robert B. Green Hospital is a county hospital and has been duly and legally established under the authority of Articles 4478 to 4495, V.A.C.S.

Accordingly, we answer your question in the affirmative, holding that the Commissioners' Court of Bexar County has, subject to the express restrictions imposed by the Constitution and General Laws, power to issue time warrants for the payment of expenses incurred in the operation and

maintenance of the county hospital, the same being "a county public purpose", pledging therefore its general fund, provided that the applicable regulations relating to the issuance of such warrants are strictly observed.

We do not believe that our previous opinion No. 0-6819, to which you refer in your letter, attempts to answer the specific question raised herein, but if any part of such previous opinion is inconsistent with the above answer, than such part of opinion No. 0-6819 is expressly overruled.

In your letter from which we quote as follows, you make a further request:

"Now, in the event you hold that time warrants may be issued under the circumstances set out in Judge Anderson's letter, then will you answer for us the following questions:

"1.   Can such time warrants be issued after a budget has been formulated and approved by the Commissioners' Court, in which said budget the Robert B. Green Hospital and the Tuberculosis Control Board had had budgeted for their use the sum of 19¢ on the $100 valuation when the maximum amount provided for such institutions by the Hospital Law is 20¢ on the $100 valuation?

"2.   Can such time warrants be issued when the issuance of same, the expenditure of such money, increases the total amount of the budget for the year 1946 by the sum sought to be issued?

"3.   Can the budget at this time be amended so as to provide additional funds for the Robert B. Green Hospital when such amendment would increase the amount spent during the calendar year 1946 in an amount of $75,000 over and above the amount of cash on hand at the beginning of the year, and the anticipated revenues for the current year, as set up in the 1946 budget?

"Because of the urgent nature of Judge Anderson's letter, we would appreciate your expediting the delivery of your opinion as much as possible."

Your first two questions apparently assume that the 1946 budget controls the issuance of time warrants; in other words, that the 1946 budget must have made provision for the issuance in 1946 of time warrants in order for such warrants to be valid.

We believe the correct view is that the budget is prepared and adopted as a basis for levy for taxes and in contemplation of expenditures for a particular fiscal year, such expenditures being based on such taxes. Thus any expenditure of funds pursuant to such budget would involve only those obligations to be paid during the particular fiscal year covered by such budget, and such expenditure would be classified as a current expenditure.

The issuance of time warrants is one of the methods authorized for the payment of a debt against a county, and the term "debt" refers to obligations to be satisfied out of future revenues derived from tax levies, as distinct from obligations to be satisfied out of current revenues.

In view of the fact that the budget contemplates only expenditures out of current revenues for the current fiscal year, and since time warrants when issued constitute a debt, and therefore involve only future levies to be derived from taxation, then the matter of the issuance of time warrants during a current fiscal year would have no relation to the current year's budget. Of course, adequate provision must be made in the budget for future years, and a tax levy for the purpose of providing funds for the payment of such debt service must be made.

Your third question is answered in the negative. Certainly the budget cannot provide for the expenditure of more funds than exist in the amount of cash on hand at the beginning of the year plus the anticipated revenues for the current year. It is to be noted, however, that the issuance of time warrants in 1946 will not operate to amend the 1946 budget, as pointed out in our above answer to your first two questions.

Trusting that we have fully answered all your questions we are

Very truly yours
ATTORNEY GENERAL OF TEXAS

By s/W. N. Blanton, Jr.
W. N. Blanton, Jr.
Assistant

WNB:fb:wc

APPROVED AUG 12, 1946
s/Carlos C. Ashley
·FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By_s/BWB_Chairman